[No. 13411.   Department Two. — February 1, 1890.]

CHARLES R. GRAY, APPELLANT, v. JOHN C. DIXON, RESPONDENT.

PUBLIC LANDS — ENTRY UNDER DESERT-LAND ACT — CANCELLATION OF ENTRY — PREFERRED RIGHT. — A person who has successfully contested and procured the cancellation of an entry made by another under the desert-land law does not acquire a preferred right of entry on the land embraced in the contest. Under the act of Congress for the relief of settlers on public lands (21 U. S. Stats. at Large, 140, 141), such a preference is only given to contestants who have procured the concellation of pre-emption, homestead, or timber-culture entries.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Charles R. Gray, in pro. per.*, for Appellant.

*Curtis & Olis*, for Respondent.

SHARPSTEIN, J.—Ejectment.  Judgment for defendant.  Plaintiff's motion for a new trial overruled.  Appeal from the judgment and order overruling motion for a new trial.  Prior to the fourth day of May, 1877, the demanded premises were a part of the public lands of the United States.  At that date one Ward applied for and made entry, under the act to provide for the sale of desert-lands, of the section which embraces said premises.  On the nineteenth day of December, 1881, defendant initated a contest against said entry for abandonment and failure to comply with the law, and at the same time filed his application for said land under the soldiers' and sailors' homestead act.  The contest resulted in the cancellation of Ward's entry; and he relinquished his claim to enter under the desert-land act, but applied to enter said land under the timber act.  His application was rejected by the local land-office.  He

LXXXIII. CAL.—3

applied to the general land-office, and the commissioner thereof decided that his application should have been allowed, subject to the preference right of the defendant herein to enter said land under the soldiers' and sailors' homestead act. From that decision Ward appealed to the Secretary of the Interior, whose action thereon is not stated. December 4, 1885, plaintiff settled upon and took possession of the demanded premises for the purpose of making it his home by residence, occupation, and cultivation, and continued thereafter to reside on said land, and built a house thereon, and procured the same to be surveyed, and filed an affidavit in compliance with the provisions of an act entitled "An act to provide the mode of maintaining and defending possessory actions on public lands in this state, approved April 20, 1852." He made improvements of the value of two hundred dollars on the land.

When plaintiff settled upon and took possession of said land, it was wholly unoccupied and unimproved public land of the United States, except that there was a small, uninhabitable house, without doors or windows, thereon, which had been erected by defendant, and about one half of an acre of said land had been plowed. Defendant never occupied or resided on said land prior to September 9, 1886. Plaintiff, though not a party to the controversy between defendant and Ward in the land department, made a motion therein on the twenty-fourth day of December, 1886, for a review of the decision therein, and offered to prove his (plaintiff's) settlement, residence, and improvement on said land, which motion was denied by the commissioner of the general land-office; and from that ruling plaintiff appealed to the Secretary of the Interior, who granted plaintiff's application to be heard, and on such hearing said secretary decided,—1. That the defendant herein had the preference right to the entry of said lands under his application made on the nineteenth day of December,

1881; 2. That the application of plaintiff herein to enter said land under the homestead laws should be allowed, subject to defendant's preference right to enter the same; 3. That if plaintiff's claim of settlement should be found unfounded in fact, then the application of said Ward to enter said land under the timber-culture law should be allowed, subject to said defendant's preference right to enter the said land under his said application of December 19, 1881.

Plaintiff, when he settled upon said land, possessed all the qualifications necessary to entitle him to make his application for 160 acres of land under the homestead laws of the United States. On the ninth day of September, 1886, defendant entered on and took possession of the demanded premises, and began the erection of a dwelling-house thereon, which was soon finished; and in October, 1886, he moved his family into it, and continued to dwell therein, claiming all said demanded premises as his own, and has prevented plaintiff from making any more improvements thereon. Defendant plowed and sowed portions of the land previously plowed and sowed by plaintiff. On the 15th of August, 1888, defendant made his final proof at the Los Angeles land-office, under the homestead laws of the United States, and paid four hundred dollars, for which he received the following:—

"No. 3,226.   (Duplicate.)

"RECEIVER'S OFFICE AT LOS ANGELES, CAL.,
"August 15, 1888.

"Received from John C. Dixon, of San Bernardino County, Cal., the sum of four hundred dollars and —— cents, being in full for the $\frac{1}{2}$ of the S. W. $\frac{1}{4}$, N. $\frac{1}{2}$ of S. E. $\frac{1}{4}$, of section No. 8, in township No. 2 south, of range No. 4 west, S. B. M., containing one hundred and sixty acres and —— hundreds, at $2.50 per acre. Commuted Home, No. 2,892. $400. See letter 'P' of Commissioner, May 12, 1886.        J. H. POLK, Receiver."

Indorsed: "No. 13. Recorded at request of John C. Dixon, August 18, 1888, at 40 minutes past 9, A. M., in Book E, Mis. Records, page 337, Records San Bernardino County.        LEGATE ALLEN, County Recorder.

"By T. I. BOLTON, Deputy Recorder.

"Paid $1."

After the decision of the Secretary of the Interior, May 7, 1888, plaintiff obtained from the officers of the Los Angeles land-office the following:—

"Township No. 2 S., range No. 4 W., district of ——. Part of section ——. Section ——. N. $\frac{1}{2}$ of S. W. $\frac{1}{4}$, N. $\frac{1}{2}$ of S. E. $\frac{1}{4}$, 8 Appli. Home, Chas. R. Gray. June 9, 1888. Subject to right of John C. Dixon, authorized by Sec'ry letter of P. of May 12, 1888.

"UNITED STATES LAND-OFFICE,

"LOS ANGELES, CAL., June 9, 1888.

"I, the undersigned, register of the United States land-office at Los Angeles, California, do hereby certify that the above and foregoing is a true and correct copy of abstract of entry of Charles R. Gray, made and entered on the books of said land-office, and as the same now appears thereon, on a comparison with said books.

"H. W. PATTON,

"Register U. S. Land-office, Los Angeles."

The foregoing facts were found by the court below, and the principal contention of appellant here is, that they are insufficient to support the judgment. If, at the time appellant built his house, and went to reside on the land in controversy, it was subject to private entry, we think the findings show a sufficient compliance with the law on his part to entitle him to recover in this action. He seems to have done all that the law requires a pre-emption claimant to do to perfect his pre-emption claim to the land. But when he offered to file his homestead application to enter said land under the homestead laws of the United States at the Los Angeles

land-office, although said application was in due form, and accompanied by the affidavit required by law in such cases, and he tendered all fees and commissions required by law on his said application, the officers of said land-office rejected his said application, and he thereafter, and within the time allowed by law, and the rules and regulations of the department of the interior, duly perfected an appeal from the action of said officers of the Los Angeles office to the commissioner of the general land-office, who affirmed the action of said officers of said Los Angeles land-office; from which decision of said commissioner appellant appealed to the Secretary of the Interior. The court does not find that the Secretary ever distinctively heard or denied that appeal, but finds that nearly a year afterwards he took up the case of the three claimants, Ward, appellant, and respondent, and decided that the application of appellant herein to enter said land under the homestead laws should be allowed, subject to respondent's preference right to enter the same.

Whether that decision of the Secretary of the Interior is a valid determination of the respective rights of appellant and respondent herein in the premises is the main question presented by the record before us. The " preferred " right of respondent, as it is denominated, is based upon the fact of his initiating on the 19th of December, 1881, a contest against the right of Ward to enter said land under the desert-land act, and at the same time filing an application to enter the land himself under the soldiers' and sailors' homestead act. The act of Congress entitled " An act for the relief of settlers on public lands" contains this provision: "In all cases where any person has contested, paid the land-office fees, and procured the cancellation of any pre-emption, homestead, or timber-culture entry, he shall be notified by the register of the land-office of the district in which such land is situated of such cancellation, and shall be

allowed thirty days from date of such notice to enter said lands; provided, that said register shall be entitled to a fee of one dollar for the giving of such notice, to be paid by the contestant, and not to be reported." (21 U. S. Stats. at Large, 140, 141.) That act, in terms, does not mention entries under the desert-land law, such as the respondent is found to have initiated his contest against, and obtained the cancellation of by the land department. Although we cannot perceive any reason for the omission of desert-land entries in the above enumeration, the fact of its omission makes the rule, *Expressio unius exclusio alterius est,* applicable; and we must hold that respondent acquired no "preference right" to enter the land by successfully contesting the right of Ward to enter it under the desert-land act. With the "preference right" eliminated, it is a case in which two persons have settled upon the same tract of land; and the right of pre-emption is in him who made the first settlement, and he, indubitably, is the appellant. This being so, the judgment should be in his favor. Judgment reversed, and cause remanded, with directions to the court below to enter judgment in favor of plaintiff for the recovery of the demanded premises, upon the findings of fact filed herein.

THORNTON, J., and McFARLAND, J., concurred.